Ben F. Pierce Gore (CA SBN 128515)
pgore@prattattorneys.com
PRATT & ASSOCIATES
1871 The Alameda, Suite 425
San Jose, California 95126
Telephone:  (408) 429-6506
Facsimile:  (408) 369-0752

Attorneys for Plaintiff

G. Gregg Webb (CA SBN 298787)
gwebb@shb.com
SHOOK, HARDY & BACON L.L.P.
One Montgomery, Suite 2700
San Francisco, California 94104-4505
Telephone: (415) 544-1900
Facsimile: (415) 391-0281

Attorneys for Defendants
JOHNSON  &  JOHNSON  and  JOHNSON  &
JOHNSON CONSUMER INC.
formerly  known  as  JOHNSON  &  JOHNSON
CONSUMER COMPANIES, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DOLORES GOULD,<br><br>              Plaintiff,<br><br>      vs.<br><br>JOHNSON & JOHNSON and JOHNSON &<br>JOHNSON CONSUMER COMPANIES, INC.,<br><br>              Defendants. | Case No.  4:16-cv-03838-HSG<br><br><br>**STIPULATED REQUEST FOR STAY<br>PENDING MDL TRANSFER DECISION;<br>DECLARATION OF G. GREGG WEBB;<br>AND ORDER** |

Pursuant to Civil L.R. 6-2, Plaintiff Dolores Gould and Defendants Johnson & Johnson and

Johnson & Johnson Consumer Inc., formerly known as Johnson & Johnson Consumer Companies,

Inc., (together, the "Johnson & Johnson Defendants," and collectively with Plaintiff, "the Parties")

hereby stipulate and request that the Court enter the accompanying Proposed Order staying this

action for all purposes pending a decision by the Judicial Panel on Multidistrict Litigation ("JPML")

on the previously filed Motion for Transfer seeking to centralize this case and all other federal

talcum powder cases filed nationally into a Multidistrict Litigation ("MDL") proceeding (the "MDL

Motion"). As described below, the Johnson & Johnson Defendants did not oppose creation of an MDL. The JPML has set the MDL Motion for hearing on September 29, 2016, and the Parties anticipate that the JPML will issue its ruling shortly thereafter. Granting a brief stay of this action will ensure that the JPML has an opportunity to hear and rule upon the pending Motion for Transfer and will prevent potentially unnecessary and duplicative proceedings before this Court, thereby conserving both this Court and the Parties' time and resources.

In support of this Stipulation, the Parties state further as follows:

### The Pending MDL Motion for Transfer

1.      On July 15, 2016, plaintiff Tanashiska Lumas, whose case is pending in the Southern District of Illinois, filed a Motion for Transfer before the Judicial Panel on Multidistrict Litigation, requesting creation of an MDL proceeding to centralize eleven talcum powder cases filed in federal court, including this case. (*See In re Johnson & Johnson Talcum Powder Marketing, Sales Practices and Products Liability Litigation*, MDL No. 2738 (MDL Dkt. # 1).) There are presently at least 38 individual actions pending in federal courts across the country in which Plaintiffs allege that perineal use of cosmetic talc products manufactured and marketed by Defendant Johnson & Johnson Consumer Inc. caused them to suffer ovarian cancer. In responding to the MDL Motion, the Johnson & Johnson Defendants did not oppose the creation of a multidistrict litigation proceeding for this action and other included actions pending nationwide. (*See* MDL Dkt. # 38.) The JPML set the hearing on the MDL Motion for its next Hearing Session on September 29, 2016, in Washington, D.C., and a ruling on whether this case and others will be centralized is anticipated shortly thereafter. (*See* MDL Dkt. # 57.)

2.      The Parties agree that good cause exists to stay this action to permit the JPML to decide the pending Motion for Transfer. A stay will ensure that the JPML has an opportunity to hear and rule upon the Motion and will prevent potentially unnecessary and duplicative proceedings before this Court. "[A] majority of courts have concluded that it is often appropriate to stay preliminary pretrial proceedings while a motion to transfer and consolidate is pending with the MDL Panel because of the judicial resources that are conserved." *Rivers v. Walt Disney Co.*, 980 F. Supp.

1358, 1362 (C.D. Cal. 1997) (granting stay pending MDL transfer decision in part because "any efforts on behalf of this Court concerning case management will most likely have to be replicated by the judge that is assigned to handle the consolidated litigation."). Should the JPML grant the Motion for Transfer this case likely will be transferred away from this Court and into an MDL proceeding established elsewhere.  Therefore, a stay will conserve both judicial resources and those of the Parties as well as facilitate the efficient conduct of this action before this Court and as part of any future MDL proceeding.  *See also Calder v. A.O. Smith Corp.*, No. 04-1481 (JRT/AJB), 2004 U.S. Dist. LEXIS 12083, at *1-2 (D. Minn. June 1, 2004) (granting motion to stay pending MDL Panel's transfer decision on grounds that "[d]eference to the MDL court for resolution of these matters provides the opportunity for the uniformity, consistency, and predictability in litigation that underlies the multidistrict litigation system"); *U.S. Bank, Nat'l Ass'n v. Royal Indem. Co.*, No. Civ. A 3:02-CV-0853-P, 2002 WL 31114069, at *2 (N.D. Tex. Sept. 23, 2002) ("by granting the stay, the Court will avoid the unnecessary waste of judicial resources if the MDL Motion is ultimately granted.").

3.  The Parties further agree that a brief stay to permit the JPML to decide the Motion for Transfer will have no adverse effect on future proceedings in this action, nor will such a stay prejudice any of the Parties.

### Current Status of This Action

4.  On July 8, 2016, Plaintiff Dolores Gould filed her Complaint and Demand for Jury Trial ("Complaint") against the Johnson & Johnson Defendants (Dkt. #1).

5.  On July 28, 2016, the Parties filed a joint Stipulation to Extend Time for the Johnson & Johnson Defendants to respond to the Complaint (Dkt. # 7), extending Defendants' time to respond to September 27, 2016.

6.  The Johnson & Johnson Defendants' deadline to answer, move, or otherwise respond to Plaintiff's Complaint is currently September 27, 2016.

7.  In addition, the following early case deadlines currently exist:  (1) the Parties' last day to meet-and-confer regarding ADR process, file ADR Certifications, and file either Stipulation to ADR Process or Notice of Need for ADR Phone Conference is currently September 28, 2016; (2)

1   an initial Case Management Conference in this matter is set for October 18, 2016; and (3) the

2   attendant Joint CMC Statement is currently due October 11, 2016.

3                                                **Stipulated Stay**

4         8.     For the reasons stated herein, the Parties stipulate to and request a stay of this action

5   for all purposes, including without limitation all responsive pleading, discovery, hearings, and other

6   deadlines, to permit a ruling on the Motion for Transfer currently pending before the Judicial Panel

7   on Multidistrict Litigation, which ruling the Parties expect to receive during the first two weeks of

8   October 2016.  The Parties agree that this stay shall remain in full force and effect until lifted by

9   court order upon motion of one or more Parties or as otherwise ordered by this Court or the MDL

10   Court following transfer to an MDL.

11        9.     To the extent that this action is not transferred to an MDL by November 18, 2016, the

12   Parties agree to provide the Court with a joint status report on or before that date to apprise the Court

13   of the status of the Motion for Transfer.

14        10.    No previous time modification has been requested by the Parties or ordered by the

15   Court in this case.  As described above, the Parties stipulated to an extension of the Johnson &

16   Johnson Defendants' deadline for responding to Plaintiff's Complaint, and no other modifications

17   have been sought or agreed to among the Parties.  Granting this request will have no adverse effect

18   on future proceedings in this matter.

19   Dated:  September 20, 2016           PRATT & ASSOCIATES

20                                    By: _/s/  Ben F. Pierce Gore_____

21                                       BEN F. PIERCE GORE

22                                   Attorneys for PLAINTIFF

23

24

25

26

27

28                                      4

1  Dated:  September 20, 2016                    SHOOK, HARDY & BACON L.L.P.

2

3                                               By: _/s/_ _G. Gregg Webb_____
                                                      G. GREGG WEBB

4                                               Attorneys for Defendants
                                                JOHNSON & JOHNSON and
5                                               JOHNSON & JOHNSON CONSUMER
                                                INC. formerly known as JOHNSON &
6                                               JOHNSON CONSUMER
                                                COMPANIES, INC.

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28
                                      5

1

**ORDER**

2     PURSUANT TO STIPULATION, IT IS SO ORDERED.

3

4     DATED:  September 21, 2016

5                                         HONORABLE HAYWOOD S. GILLIAM, JR.
                                          UNITED STATES DISTRICT JUDGE
6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

**<u>SIGNATURE ATTESTATION</u>**

2

  I, G. Gregg Webb, am the ECF User whose ID and password are being used to file this

3

STIPULATED REQUEST FOR STAY PENDING MDL TRANSFER DECISION;

4

DECLARATION OF G. GREGG WEBB, AND [PROPOSED] ORDER.  In compliance with Local

5

Rule 5-1(i), I hereby attest that counsel for all parties named have concurred in this filing.

6

DATED:  September 20, 2016     SHOOK, HARDY & BACON, L.L.P.

7

           By: */s/    G. Gregg Webb*   

8

             G. GREGG WEBB

9

           Attorneys for Defendants
           JOHNSON & JOHNSON and

10

           JOHNSON & JOHNSON CONSUMER
           INC. formerly known as JOHNSON &

11

           JOHNSON CONSUMER
           COMPANIES, INC.

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## DECLARATION OF G. GREGG WEBB

I, G. Gregg Webb, hereby declare:

1.    I am an attorney licensed to practice before all Courts of the State of California and am an attorney with Shook, Hardy & Bacon LLP, counsel of record for Defendants Johnson & Johnson and Johnson & Johnson Consumer Inc., formerly known as Johnson & Johnson Consumer Companies, Inc., (together, the "Johnson & Johnson Defendants," and collectively with Plaintiff, "the Parties").

2.    On July 15, 2016, plaintiff Tanashiska Lumas, whose case is pending in the Southern District of Illinois, filed a Motion for Transfer before the Judicial Panel on Multidistrict Litigation, requesting creation of an MDL proceeding to centralize eleven talcum powder cases filed in federal court, including this case.  (*See In re Johnson & Johnson Talcum Powder Marketing, Sales Practices and Products Liability Litigation*, MDL No. 2738 (MDL Dkt. # 1).)  There are presently at least 38 individual actions pending in federal courts across the country in which Plaintiffs allege that perineal use of cosmetic talc products manufactured and marketed by Defendant Johnson & Johnson Consumer Inc. caused them to suffer ovarian cancer.

3.    The Johnson & Johnson Defendants did not oppose the creation of an MDL.

4.    On August 11, 2016, the JPML set the hearing on the Motion for Transfer for its next Hearing Session on September 29, 2016, in Washington, D.C., and a ruling on whether this case and others will be centralized is anticipated shortly thereafter.

5.    On July 8, 2016, Plaintiff Dolores Gould filed her Complaint and Demand for Jury Trial ("Complaint") against the Johnson & Johnson Defendants (Dkt. #1).

6.    On July 28, 2016, the Parties filed a joint Stipulation to Extend Time for the Johnson & Johnson Defendants to respond to the Complaint (Dkt. #7), extending Defendants' time to respond to September 27, 2016.

7.    The Johnson & Johnson Defendants' deadline to answer, move, or otherwise respond to Plaintiff's Complaint is currently September 27, 2016.

8.      In addition, the following early case deadlines currently exist:  (1) the Parties' last day to meet-and-confer regarding ADR process, file ADR Certifications, and file either Stipulation to ADR Process or Notice of Need for ADR Phone Conference is currently September 28, 2016; (2) an initial Case Management Conference in this matter is set for October 18, 2016; and (3) the attendant Joint CMC Statement is currently due October 11, 2016.

9.      No previous time modification has been requested by the Parties or ordered by the Court in this case.  As described above, the Parties stipulated to an extension of the Johnson & Johnson Defendants' deadline for responding to Plaintiff's Complaint, and no other modifications have been sought or agreed to among the Parties.  Granting this request will have no adverse effect on future proceedings in this matter.

I declare under penalty of perjury under the laws of the State of California and of the United States of America that the foregoing is true and correct, and this Declaration is executed on September 20, 2016, in Menlo Park, CA.

_____/s/    G. Gregg Webb_____
G. GREGG WEBB

2